UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, | ) ) ) | Index No. 08-CIV-4575 (KMK) |
| | ) ) | |
| Plaintiffs, | ) ) | DEFAULT JUDGMENT |
| | ) ) | |
| -against- | ) ) | |
| M.G.L. CONTRACTING INC., | ) ) | |
| | ) ) | |
| Defendant. | ) ) | |

This action having been commenced on May 16, 2008 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the Defendant,

M.G.L. Contracting Inc. on May 27, 2008 via Secretary of State and said Proof of Service having been

filed with the Clerk of the Court on June 3, 2008 and the defendant not having appeared, answered or

otherwise moved with respect to the Complaint within the time allowed by law, and the time for

appearing, answering or otherwise moving having expired it is,

ORDERED, ADJUDGED AND DECREED: that the plaintiffs have judgment against

defendant in the liquidated amount of Four Thousand Two Hundred and Fifty Six Dollars and Forty

Three Cents ($4,256.43), which includes the following: the principal amount owed in late charges in

the sum of $2,116.43 for the period end date August 28, 2007, attorneys' fees in the sum of $1,750.00;

plus court costs and disbursements of this action in the sum of $390.00.

ORDERED, that the Defendant permit and cooperate in the conduct of an audit of all of its

books and records including, but not limited to, all payroll journals, business income tax returns,

general ledger and journal, books of original entry, subsidiary ledgers, payroll records, bank statements, and cancelled checks, W-2 and W-3 forms, 940, 941, WT4-A and WT4-B forms, 1099 forms, New York State employment report, insurance reports, disability insurance reports, Workers Compensation report forms and remittance reports for the period October 1, 2005 through September 30, 2007 and directing, that judgment be entered thereon for the amount stated in the audit report including interest, liquidated damages, and auditors' fees.

ORDERED, that the Judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

Dated:  White Plains, New York
          2008                So Ordered:

                                         _____
                                         Honorable Kenneth M. Karas, U.S.D.J.

## CERTIFICATE OF SERVICE

STATE OF NEW YORK          )
                                 ss.:
COUNTY OF WESTCHESTER)

        I, Dawn Stefanik, being duly sworn, deposes and says:

        I am not a party to the within action, am over the age of 18 years and reside in Westchester County, New York. That on July 23, 2008 I served a true copy of the Order to Show Cause for Default Judgment with supporting papers by mailing a true copy of same enclosed in a post-paid wrapper in an official depository by First Class Mail under the exclusive care and custody of the United States Postal Service within New York State, addressed as follows:

                    M.G.L. CONTRACTING INC.
                    75-42 190TH STREET
                    FRESH MEADOWS, NY 11366

                    Dawn Stefanik

Sworn to before me this
23rd day of July, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )        Index No. 08-CIV-4575 (KMK)
                                             )
                                             )
                              Plaintiffs,    )    AFFIDAVIT FOR JUDGMENT
                                             )        BY DEFAULT
                                             )
           -against-                         )
                                             )
M.G.L. CONTRACTING INC.,                     )
                                             )
                              Defendant.     )
                                             )

---

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF WESTCHESTER )

    Dana L. Henke, being duly sworn, deposes and says:

    1. I am a member of the bar of this Court and am associated with the firm Barnes Iaccarino,
Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the
District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the
"Funds") in the above-entitled action. I am fully familiar with facts set forth herein, and I submit this
Affidavit in support of plaintiff's entry of Default Judgment.

    2. The Funds are jointly administered, multi-employer, labor management employee benefit
trust funds established and maintained pursuant to the terms of various collective bargaining
agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

    3. Defendant, M.G.L. Contracting Inc. (hereinafter referred to as "Employer") is an Employer
within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an
Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley
Act, 29 U.S.C. Section 185.

    4. This is an action to recover certain delinquent late charges contributions owed to the Funds
by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the

"C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer. This action was also brought by Plaintiffs to require the Employer to permit and cooperate in the conduct of an audit.

5. This action was commenced on May 16, 2008 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on May 27, 2008 via Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on June 3, 2008. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions in a timely fashion in accordance with the C.B.A. then the employer is required to remit assessed interest at the prime rate plus 2.0 % calculated from the date the payment was due to the date the payment was paid and liquidated damages equivalent to 10% of the total amount of contributions that were remitted late. The C.B.A. also provides that in addition to the amount due as interest and liquidated damages there shall be added reasonable attorneys' fees and court costs and disbursements incurred by the Funds in the collection of the delinquency.

10. The Employer failed to remit late charges to the Funds in the sum of $2,116.43 for the period end date August 28, 2007. A copy of the Funds' statement for the contribution period end date August 28, 2007, which provides the calculations of the unpaid late charges is attached hereto as Exhibit "B".

11. The Employer as party to the C.B.A. is also required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining if all required fringe benefits contributions have been paid to the Funds and verifying the accuracy of the Employer reports.

12. The Employer has failed and refused to permit access to their books and records for the period October 1, 2005 through September 30, 2007 and is liable for any delinquency contributions determined by a future audit together with the additional attorneys' fees, auditors' fee, interest on the unpaid principal and liquidated damages pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132. A copy of the request for an audit is attached hereto as Exhibit "C".

13. The amounts set forth in the Statement of Damages are justly due and owing no part thereof has been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts:

| | | |
|---|---|---|
| a. Filing fee paid to the Clerk of the Court for the S.D.N.Y. | | $ 350.00 |
| b. Statutory fee paid to the New York Secretary of State in | | |
| connection with service upon the Employer | | $ 40.00 |
| | | Total: $ 390.00 |

14. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

15. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 6 hours @ $250.00 per hour = $1,500.00 and 2.5 hours @ $100 per hour = $250.00. This rate and fee are reasonable and justified given the circumstances of this matter.

16. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $1,750.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

17. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| | | |
|---|---|---|
| April 3, 2008 | Prepared and sent demand letter to the defendant | 0.5 hours |
| May 15, 2008 | Reviewed client statements and prepared complaint | 2.0 hours |
| May 16, 2008 | Prepared and filed civil cover sheet, summons, | |
| | and Rule 7.1 statement | 2.0 hours |
| June 3, 2008 | Filed affidavit of service | 0.5 hours |
| July 9, 2008 | Prepared and filed order to show case, affidavit | |
| | of default, statement of damages, clerk's certificate, | |
| | request for entry of judgment, certificate of | |
| | service and default judgment | 3.5 hours |
| | | 8.5 hours |

18. As a result of Defendant's default, Plaintiffs are entitled to damages as follows:

(a) In the minimum sum of $4,256.43, which includes $2,116.43 in unpaid late charges for the period end date August 28, 2007, $1,750.00 in attorneys' fees, court costs and disbursements in the amount of $390.00 all pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

(b) An order for an audit of Defendant's books and records (including, but not limited to, payroll taxes, payroll earnings, records, stamps receipts, cash disbursements, tax forms, journals) for the period October 1, 2005 through September 30, 2007.

(c) Judgments for any unpaid contributions found due and owing pursuant to the audit for the period October 1, 2005 through September 30, 2007, including liquidated damages at 10% of the principal amount due, interest at a rate of 2% of principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

**WHEREFORE,** plaintiffs request the entry of Default and the entry of the annexed Judgment against defendant in the amount of $4,256.43 and an Order directing defendant to permit and cooperate in the conduct of an audit of Defendant's payroll books and records for the period October 1, 2005 through September 30, 2007 and permitting Plaintiffs to amend this judgment to include the additional

amounts determined by the aforesaid audit to be due and owing, together with the interest, liquidated damages, auditors' fees and attorneys' fees and costs upon fifteen (15) days written notice to Defendant.

Dated:  Elmsford, New York
       July 9, 2008

                                    Dana L. Henke (DLH 3025)
                                    Barnes, Iaccarino, Virginia,
                                    Ambinder & Shepherd, PLLC
                                    258 Saw Mill River Road
                                    Elmsford, New York 10523
                                    (914) 592-1515

Sworn to before me this
9th day of July, 2008

—————————————————
Notary Public

                                CHRISTIE S. ROOS
                       Notary Public, State of New York
                           No. 01RO6014276
                     Qualified in Westchester County
                 Commission Expires October 5, 2012

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED

MAY 1 6 2008

USDC WP SDNY

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

              Plaintiffs,

      -against-

M.G.L. CONTRACTING INC.,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

Index No.

**COMPLAINT**

**08 CIV. 4575**

**JUDGE KARAS**

Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor

contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs and permit and cooperate in the conduct of an audit.

## PARTIES

5.  The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as "Union) and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.  The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement.") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits, education and training and painting industry promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' have an office which is located and administered at 14 Saw Mill River Road, Hawthorne, New York 10532, in the County of Westchester.

8. Upon information and belief, the Defendant, M.G.L. Contracting Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 75-42 190th Street Fresh Meadows, NY 11366, in the County of Queens.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

10. The Employer executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association.

11. The Agreement and/or Trust Indenture and/or the Policy for Collection of Delinquent Contributions adopted by the Plaintiff Funds (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

12. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there may be due and owing to the Funds from the Employer, contribution reports, fringe benefit contributions and dues check-off for the effective period of the Agreement.

13.  Pursuant to the Agreement and the Policy, the Employer is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Employer's financial records for the purpose of ascertaining whether the full amount of benefit contributions have been made to the Funds as required under the Agreement and to verify the accuracy of the Employer contribution reports.

14. The Employer has failed and refused to allow an audit by the Funds for the effective period of the collective bargaining agreement.

15. The Employer's failure, refusal or neglect to allow an audit constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries as well as a violation of the Trust Indenture and Policy.

16.  Pursuant to the Agreement and the Policy upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following:  the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest calculated at the rate of two percent over prime per month based upon the sum of all contributions due for the delinquent period; auditors' fees and attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

17. Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for benefit contributions found due and owing pursuant to an audit plus liquidated damages, interest, auditors' fees and attorneys' fees in an amount to be determined by the audit.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the Books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. The failure to permit an audit has injured the Funds by delaying the investment of contributions that are found due pursuant to the audit and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

25. Accordingly, the Employer must permit and cooperate in the conduct of an audit and is

liable to the Funds in an amount to be determined by the audit which shall include liquidated damages,

interest, auditors' fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section

1132).

**WHEREFORE,** Plaintiffs respectfully pray for Judgment against Defendant, M.G.L. Contracting
Inc. as follows:

On the First and Second Claims for Relief as follows:

      (a) An Order requiring the defendant to permit and cooperate in an audit of the defendant's books
         and records by the plaintiff or its agents for the effective period of the Trade Agreement;

      (b) For a Judgment against the defendant for any monies found due and owing as a result of the
         audit of defendant's books and records which shall include the principal amount due plus
         interest calculated at 2% percent over prime per month from the date of the delinquency,
         liquidated damages calculated at twenty (20%) percent of the principal amount found due and
         attorneys fees and the cost of the audit as provided for in the Trade Agreement and/or Trust
         Indenture and/or Policy for Collection of Delinquent Contributions;

      (c) Retain Jurisdiction over this matter pending compliance with its Order;

      (d) Court costs and disbursements as stated in Plaintiff's Policy For Collection of Delinquent
         Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section
         1132(g)(2)(D) and the Trade Agreement; and

      (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       May 15, 2008

                                     Respectfully submitted,

                                     BARNES, IACCARINO, VIRGINIA,
                                     AMBINDER & SHEPHERD, PLLC

                                     Dana L. Henke (DLH3025)
                                     Attorneys for Plaintiffs
                                     258 Saw Mill River Road
                                     Elmsford, New York 10523
                                     (914) 592-1515

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE



Index #  08 CIV 4575

STATE OF NEW YORK        UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT

---

*Trustees of The District Council 9 Painting Industry Insurance and Annuity Funds*        Plaintiff

against

*M.G.L. Contracting Inc.*        Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY        SS.:

_____ Jessica Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ May 27, 2008 _____ , at _ 2:00pm _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action, Rule 7.1, and Complaint

on

_____ M.G.L. Contracting Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _ 2 _ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _ 40 _ dollars; That said service

was made pursuant to Section _ 306 Business Corporation Law _ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: _ 43 _    Approx. Wt: _ 118 _    Approx. Ht: _ 5' _

Color of skin: _ White _    Hair color: _ Brown _    Sex: _ F _    Other: _____

Sworn to before me on this

_ 29th _ day of _____ May, 2008 _____

_____
DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4698570, Qualified in Albany County
Commission Expires June 15, 2011

_____
Jessica Miller

Invoice-Work Order # SP0805061

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

                          Index No.:

                 Plaintiffs,

                        **SUMMONS IN A CIVIL ACTION**

    -against-

M.G.L. CONTRACTING INC.

# 08 CIV. 4575

              Defendant.

## JUDGE KARAS

-------------------------------------------------------------------x

    **TO:**    M.G.L. CONTRACTING INC.
               75-42 190TH STREET
               FRESH MEADOWS, NY 11366

      **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of the Southern District Court and
serve upon

**PLAINTIFF'S ATTORNEY:**
               BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC
               258 SAW MILL RIVER ROAD
               ELMSFORD, NY 10523

               an answer to the complaint which is herewith served upon you, within **20** days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**   MAY 1 6 2008

CLERK                   DATE

BY DEPUTY CLERK

# EXHIBIT B

PAINTING INS. & ANNUITY FUNDS

EMPLOYER STAMP DELINQUENCY REPORT  *** FINAL REPORT ***

FOR DEPOSITS FROM  1/01/2008  TO  3/31/2008

FOR ACTIVITY FROM  9/09/3000 THRU  5/30/2008

REPORTING INTEREST AND DAMAGES

INTEREST RATE  9.25%

LIQUIDATED DAMAGES RATE 10.00%

PAGE:    124

DATE: 5/30/2008

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| MRI CONTRACTING INC. | 3499 | 8/28/2007 | 3/10/2008 | 195 | 4002544446-4002544493 | 8,185.84 | 818.54 | 488.65 | 1,311.19 |
|  |  |  |  |  | 4002544495-4002544503 | 5,701.60 | 590.15 | -291.69 | 861.84 |
| I.D #:  16725 | IC #:  16724 |  |  |  | TOTALS: | 14,887.44 | 1,408.69 | 692.34 | 2,893.03 |

PAINTING IND. & SAFETY FUNDS
EMPLOYER STAMP OR DELINQUENCY REPORT: *** FINAL REPORT ***
FOR DEPOSITS FROM 7/01/2007 TO 9/30/2007
FOR ACTIVITY FROM 9/04/0000 THRU 12/03/2007
REPORTING INTEREST AND DAMAGES
INTEREST RATE 18.25%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 115
DATE: 12/03/2007

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| ID #: | 0. | IC #: | 16165 | | | | | 23.40 | 23.40 |
| | 3459 | 9/28/2007 | 9/11/2007 | 16 | 4806-00457-4008-005/61 | 5,283.00 | 0.00 | 23.40 | 23.40 |
| TOTALS: | | | | | | 5,283.00 | 0.00 | 23.40 | 23.40 |

# EXHIBIT C

# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC

## ATTORNEYS AT LAW

5 Surrey Lane
Hempstead, New York 11550
(516) 483-2990
Fax: (516) 483-0566

258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
Fax: (914) 592-3213

111 Broadway
Trinity Centre
Suite 1405
New York, New York 10006
(212) 943-9080
Fax: (212) 943-9082

April 3, 2008

CERTIFIED MAIL
Mihail Linaris
MGL Contracting Inc.
75-42 190th Street
Fresh Meadows, NY 11366



Re: District Council 9 Painting Industry Insurance and Annuity Funds

Dear Mr. Linaris:

Please be advised that this office is counsel to the above referenced Funds. Our office has been informed that your Company has failed or refused to return telephone calls and respond to correspondence sent by the Funds' Auditor in order to allow the independent Auditors to review the pertinent books and records of the company in accordance with your Trade Agreement.

Federal law mandates that every Employer who is obligated to remit contributions to an ERISA employee benefit plan shall make said contributions and shall keep accurate records with respect to each of its employees. It is essential that the Trustees of the Funds conduct audits of the contributing Employers to determine each Employer's liability to the Funds and assure the full prompt collection of contributions.

Accordingly, unless satisfactory arrangements are made within seven (7) days of your receipt of this letter to contact the Auditors, **Marshall & Moss at (212) 255-2950 Ext.161** and arrange to have all documents available for inspection, we will have no alternative but to institute appropriate legal proceedings against your company on behalf of the Funds.

In the event legal proceedings are instituted, your company may be liable for the following:

- **. INTEREST AT THE RATE OF 2% OVER PRIME**
- **. LIQUIDATED DAMAGES AT THE RATE OF 20%**
- **. COURT COST AND DISBURSEMENTS**
- **. AUDITORS' FEES AND ATTONEYS' FEES**

The Funds are required under ERISA and the Trade Agreement to take these actions.

Thank you for your anticipated cooperation and courtesies.

Very truly yours,

Dawn Stefanik
Paralegal

# Painting Industry Insurance & Annuity Funds

45 West 14th Street, New York, NY 10011-7499          (Tel)212-255-2950   (Fax)212-989-3468

Employer Trustee                                                                 Union Trustee
Todd Nugent                                                                      Sandy Vagelatos
Co-Chairman                                                                      Co-Chairman

Greg Vagelatos
Fund Administrator

20 November 2007

Mihail Linaris
MGL Contracting Inc
75-42 190th Street
Fresh Meadows NY 11366                                          __Certified Mail/Return Receipt__

Dear Mr Linaris:

In accordance with terms and conditions set out in the Trade Agreements (the "Agreements") between MGL Contracting and District Council # 9 International Union of Painters and Allied Trades, notice is hereby given that District Council No. 9, International Union of Painters and Allied Trades Fringe Benefit Funds ("the Funds") has retained Marshall & Moss Payroll Compliance Services LLP to conduct a payroll compliance audit (the "audit") for the period of October 1, 2005 through September 30, 2007. They will contact you by telephone to arrange for an appointment. The purpose of the audit is to determine if the Company has made contributions to the Funds in accordance with its obligation under the Agreement. Please be advised, that once you have made an appointment with the auditors, if you have to change the appointment, a request must be received by the auditors in writing by certified mail five business days in advance of the scheduled appointment. If you do not follow this procedure you will be charged a cancellation fee of $600.

In connection with the audit, the auditors will be requesting access to all necessary books and records of the Company including but not limited to: business income tax returns, general ledger, general journal, books of original entry, subsidiary ledgers, payroll journals and other related payroll records, bank statements and cancelled checks, W-2 and W-3 forms, 940, 941, NYS-45, 1099 forms,  current year surety bonds,  as well as the same books of any affiliate, subsidiary alter ego or other related company doing bargaining unit work.

It is our obligation to advise you that your failure to permit an audit will result in the immediate commencement of legal proceedings in Federal Court with its attendant costs and additional sanctions.

Please accept my thanks in advance for your anticipated cooperation.

Very truly yours,

Gregory Vagelatos
Fund Administrator

cc:  Marshall & Moss Payroll

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,         )        Index No. 08-CIV-4579 (KMK)
                                                                    )
                                                                    )
                                           Plaintiffs,              )        CLERK'S CERTIFICATE
                                                                    )
            -against-                                               )
                                                                    )
M.G.L. CONTRACTING INC.,                                            )
                                                                    )
                                           Defendant.               )
                                                                    )

---

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that the docket entries in the above-entitled action indicate that

this action commenced on May 16, 2008 with the filing of the Summons and Complaint; a copy of the

Summons and Complaint was served on defendant via Secretary of State on May 27, 2008 and proof of

such service thereof was filed on June 3, 2008.

I further certify that docket entries indicate that the Defendant has not filed an answer or

otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated:  White Plains, New York
                  2008                                    J. MICHAEL MCMAHON
                                                          Clerk of the Court

                                            By: _____
                                                          Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, | )<br>)<br>) Index No. 08-CIV-4579 (KMK) |
| Plaintiffs, | )<br>) STATEMENT OF DAMAGES |
| -against- | ) |
| M.G.L. CONTRACTING INC., | )<br>) |
| Defendant. | )<br>) |

Principal amount due...............................................................    $ 2,116.43
for the period end date August 28, 2007

Attorneys' Fees .....................................................................    $ 1,750.00

Court Costs & Disbursements:

    Filing Fees (Index)..........................................................    $    350.00
    Process Server Fee.........................................................    $     40.00

**GRAND TOTAL:**..................................................................    **$ 4,256.43**